UNITED STATES DISTRICT COURT
DISTRICT OF MAINE
BANGOR DIVISION

| | |
|---|---|
| ROBIN BACHELDER, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| PERFORMANT RECOVERY, INC., f/k/a DIVERSIFIED COLLECTION SERVICES, INC., a foreign corporation; and DOES 1 through 10, inclusive, | (Unlawful Debt Collection Practices) |
| Defendant. | |

## COMPLAINT FOR DAMAGES

## INTRODUCTION

1.      Robin Bachelder (Plaintiff) brings this action to secure redress from Performant Recovery, Inc., f/k/a Diversified Collection Services, Inc. (Defendant) for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 and for violations of the Maine Fair Debt Collection Practices Act (MFDCPA), 32 M.R.S.A. §§ 11001-11054.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) which states that any action to enforce liability created by the FDCPA may be brought in any appropriate United States district court.  Jurisdiction of this court also arises under 28 U.S.C. §§ 1331, 1337 and 1367.  Further, jurisdiction in this Court is proper for Plaintiff's state law claims under 28 U.S.C. § 1367(a)  as Plaintiff's state law claims are

COMPLAINT FOR DAMAGES

so related to Plaintiff's FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.    Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because Defendant transacts business in this District and Defendant's collection communications were received by Plaintiff in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

## PARTIES

4.    Robin Bachelder (Plaintiff) is an individual, residing in Phillips, Franklin County, Maine 04966.  Plaintiff is a natural person obligated or allegedly obligated to pay any debt and is thus a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and the 32 M.R.S.A. §11002(3).

5.    Performant Recovery, Inc., f/k/a Diversified Collection Services, Inc. (Defendant) is a foreign corporation, registered under the laws of the State of California. Upon information and belief, Defendant's principal place of business is 333 North Canyons Parkway, Suite 100, Livermore, California 94551.  Upon information and belief, Defendant's Registered Agent for Service of Process is C T Corporation System, 1536 Main Street, Readfield, Maine 04355.  Upon information and belief, Performant Recovery, Inc. was formerly known as Diversified Collection Services, Inc.

6.    Defendant's principal purpose is the collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due another.  Defendant regularly uses the telephone and the mail to engage in the business of collecting debt in several states including, Maine.  Thus, Defendant is a ''debt

COMPLAINT FOR DAMAGES

collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the MFDCPA, 32

M.R.S.A. § 11002(6).

7.      The true names and capacities, whether individual, corporate, or in any

other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown

to Plaintiff, who therefore sues them by such fictitious names.  Plaintiff will seek leave to

amend this Complaint to show the true names and capacities of DOES 1 through 10

should they be discovered.

## FACTUAL ALLEGATIONS

8.      Within one year prior to the filing of this action, Defendant contacted

Plaintiff to collect a debt originally incurred with another creditor (alleged debt).  Upon

information and belief, the alleged debt was originally incurred under Plaintiff's maiden

name "Robin Bay."

9.      Upon information and belief, the alleged debt is an obligation or alleged

obligation of a consumer to pay money arising out of a transaction in which the money,

property, insurance, or services which are the subject of the transaction are primarily for

personal, family, or household purposes, whether or not such obligation has been reduced

to judgment.  Thus, the alleged debt is a "debt" as defined by the FDCPA, 15 U.S.C. §

1692a(5), and the MFDCPA, 32 M.R.S.A. § 11002(5).

10.     At all times relevant to this action, Defendant contacted Plaintiff for the

purpose of collecting the alleged debt.

11.     Upon information and belief, at all times relevant to this action, Defendant

owned, operated and/or controlled telephone number (325) 224-6329.  Upon information

and belief, at all times relevant to this action, Defendant called Plaintiff from, but not

COMPLAINT FOR DAMAGES

limited to, telephone number (325) 224-6329 for the purpose of collecting the alleged debt.

12.     Upon information and belief, at least one time within one year prior to the filing of this action, Defendant called Plaintiff and identified himself as "Jim Lawson."

13.     Upon information and belief, within one year prior to the filing of this action, Defendant called Plaintiff on Plaintiff's cellular telephone number (207) 592-5461 at 5:15 a.m. for the purpose of collecting the alleged debt.  Upon information and belief, Defendant did not have express permission to contact Plaintiff at this hour.  Upon information and belief, "207" is the area code for the State Maine. Upon information and belief, Maine is in the Eastern Time Zone, which is the local time at Plaintiff's location.

14.     Upon information and belief, within one year prior to the filing of this action, Defendant called Plaintiff on Plaintiff's cellular telephone number (207) 592-5461 at 12:45 a.m. for the purpose of collecting the alleged debt.  Upon information and belief, Defendant did not have express permission to contact Plaintiff at this hour.  Upon information and belief, "207" is the area code for the State Maine. Upon information and belief, Maine is in the Eastern Time Zone, which is the local time at Plaintiff's location.

15.     Upon information and belief, within one year prior to the filing of this action, Defendant engaged in conduct the natural consequences of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt.

16.     Upon information and belief, within one year prior to the filing of this action, Defendant repeatedly and continuously called Plaintiff at Plaintiff's cellular telephone number (207) 592-5461 for the purpose of collecting the alleged debt.  Upon information and belief, Defendant caused Plaintiff's telephone to ring or engaged

4

COMPLAINT FOR DAMAGES

Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff.  Upon information and belief, within one year prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number (207) 592-5461 no less than fourteen (14) times in the course of one day for the purpose of collecting the alleged debt.

17.     Upon information and belief, within one year prior to the filing of this action, Defendant used false, deceptive, or misleading representations or means in connection with the collection of the alleged debt.

18.     Upon information and belief, within one year prior to the filing of this action, in connection with the collection of the alleged debt, Defendant threatened to take action against Plaintiff that cannot legally be taken or that is not intended to be taken. Upon information and belief, within one year prior to the filing of this action, Defendant called Plaintiff on Plaintiff's cellular telephone number (207) 592-5461 for the purpose of collecting the alleged debt and told Plaintiff not to renew her state driver's license at the end of the month because Defendant was going to take it.  Upon information and belief, Defendant does not have the legal ability to take Plaintiff's state driver's license.

19.     Upon information and belief, within one year prior to the filing of this action, in connection with the collection of the alleged debt, Defendant made a false representation or used deceptive means to collect or attempt to collect the alleged debt or to obtain information concerning Plaintiff.

20.     Upon information and belief, on or about August 9, 2012, Defendant called Plaintiff on Plaintiff's cellular telephone number (207) 592-5461 for the purpose of collecting the alleged debt and failed to disclose to Plaintiff that Defendant was a debt

COMPLAINT FOR DAMAGES

collector, attempting to collect a debt, and that any information obtained would be used for that purposed.

21.     Upon information and belief, within one year prior to the filing of this action, in connection with the collection of the alleged debt, Defendant used unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

## FIRST CAUSE OF ACTION

### (Violation of the Fair Debt Collection Practices Act,

### 15 U.S.C. § 1692)

22.     Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

23.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated 15 U.S.C. §1692c(a)1 by calling Plaintiff in connection with the collection of the alleged debt before 8 o'clock antemeridian, local time at the consumer's location, which is an unusual time or place or a time or place known or which should be known to be inconvenient to Plaintiff, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction.

(b)     Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

COMPLAINT FOR DAMAGES

(c)     Defendant violated 15 U.S.C. §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and

(d)     Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

(e)     Defendant violated 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken; and

(f)     Defendant violated 15 U.S.C. §1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's alleged debt; and

(g)     Defendant violated 15 U.S.C. §1692e(11) by failing to disclose in the oral communications with Plaintiff that the communications were from a debt collector, and that the debt collector was attempting to collect a debt, and that any information obtained would be used for that purpose, when said communications were not formal pleadings; and

(h)     Defendant violated 15 U.S.C. §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

24.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

25.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

COMPLAINT FOR DAMAGES

<u>**SECOND CAUSE OF ACTION**</u>

**(Violation of the Main Fair Debt Collection Practices Act,**

**32 M.R.S.A. §§ 11001-11054)**

26.     Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

27.     Defendant violated the MFDCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated 32 M.R.S.A. §11012(1)(A) by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 a.m. and before 9 p.m., local time at the consumer's location; and

(b)     Defendant violated 32 M.R.S.A. §11013(1) by engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

(c)     Defendant violated 32 M.R.S.A. §11013(1)(E) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number; and

(d)     Defendant violated 32 M.R.S.A. § 11013(2) by using false, deceptive or misleading representation or means in connection with the collection of any debt; and

(e)     Defendant violated 32 M.R.S.A. § 11013(2)(E) by threatening to take any action that may not legally be taken or that is not intended to be taken; and

8

(f)     Defendant violated 32 M.R.S.A. § 11013(2)(J) by using false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(g)     Defendant violated 32 M.R.S.A. § 11013(2)(K)-(1) by failing to disclose in the initial written communication with the consumer and, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph does not apply to a formal pleading made in connection with a legal action; and

(h)     Defendant violated 32 M.R.S.A. § 11013(3) by using unfair or unconscionable means to collect or attempt to collect any debt.

28.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29.     As a result of the foregoing violations of the MFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the MFDCPA, actual damages, statutory damages, and costs and attorney fees.

///

///

///

///

COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)     Declaratory judgment that Defendant violated the FDCPA and the MFDCPA; and

(b)     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and 32 M.R.S.A. § 11054(1)(A); and

(c)     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) and 32 M.R.S.A. § 11054(1)(B); and

(d)     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) and 32 M.R.S.A. § 11054(1)(D); and

(e)     Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

(f)     For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: April 23, 2013                    JENNINGS LAW OFFICE

By: /s/ Douglas F. Jennings
Douglas F. Jennings, Esq.
P.O. Box 161
One Weston Court STE 103B
Augusta, Maine 04330-0161
Telephone: 207.623.1632
Facsimile: 207.623.5138
dfjlaw@live.com
*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES